IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-2-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEVEN SHAWN MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

On July 22, 2021, Steven Shawn Marshall ("Marshall" or "defendant") moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 [D.E. 62].[1] On July 23, 2021, the court appointed counsel for Marshall pursuant to standing order 19-SO-3 [D.E. 63]. On March 13, 2022, Marshall, through counsel, filed a memorandum in support that requested compassionate relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582). See [D.E. 66]. On April 4, 2022, the government responded in opposition [D.E. 68]. As explained below, the court denies Marshall's motion.

---

[1] On December 18, 2014, Marshall, through counsel, moved for a sentence reduction under section 3582(c)(2) and Amendment 782. See [D.E. 40]. On October 11, 2017, the court denied the motion. See [D.E. 46]. On October 19, 2017, Marshall appealed. See [D.E. 47]. On January 23, 2018, the United States Court of Appeals for the Fourth Circuit affirmed the court's denial of Marshall's motion. See [D.E. 50]. On September 26, 2019, Marshall, through counsel, moved for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 56]. On October 8, 2019, the government responded in opposition [D.E. 58]. On December 4, 2019, Marshall replied [D.E. 60]. On April 7, 2020, the court denied the motion [D.E. 61]. The court has considered Marshall's latest motion for a sentence reduction under Amendment 782 and the entire record. Even accounting for Marshall's latest arguments, the court denies the motion as meritless. See [D.E. 61].

I.

On March 7, 2011, pursuant to a written plea agreement, Marshall pleaded guilty to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack") (count one) and laundering of monetary instruments (count two). See [D.E. 12, 14]. On October 6, 2011, the court held Marshall's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 28]; [D.E. 32]. The court calculated Marshall's total offense level to be 39, his criminal history category to be II, and his advisory guideline range to be 292 to 365 months' imprisonment on count one and 240 months' imprisonment on count two. See PSR ¶¶ 46, 48. After granting the government's downward departure motion and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Marshall to 192 months' imprisonment on count one and 192 months' concurrent imprisonment on count two for a total of 192 months' imprisonment. See [D.E. 32]; [D.E. 33] 2. Marshall did not appeal.

On July 22, 2021, Marshall moved for a sentence reduction. See [D.E. 62]. On March 13, 2022, Marshall filed a memorandum in support and moved for compassionate release. See [D.E. 66]. The government opposes the motion. See [D.E. 68].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330

(4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary

3

and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Marshall did not apply to his warden for compassionate release. See [D.E. 66] 4. The government has invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 68] 21–22. Nonetheless, the court assumes Marshall met the exhaustion requirements and addresses Marshall's motion on the merits. See Muhammad, 16 F.4th at 130.

Marshall seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (overweight, asthma, and unvaccinated), his new advisory guideline range if sentenced today, the length of his sentence, his time served, and his rehabilitative efforts. See [D.E. 66] 5–13.

4

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Marshall has asthma and is overweight. See [D.E. 66] 7–10; [D.E. 66-1]. His medical conditions are under control. See [D.E. 66-1].

Marshall argues his medical conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 66] 7–10. However, Marshall refused a COVID-19 vaccine on March 11, 2021. See [D.E. 66-1] 7. The vaccine would provide protection. See, e.g., United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection ... this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a

finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Marshall has not disclosed to the court any religious or medical reason why he cannot receive or benefit from a COVID-19 vaccine. See Lemons, 15 F.4th at 751 (noting that "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by" granting compassionate release); United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (explaining that the defendant's failure to be vaccinated was not an extraordinary and compelling reason justifying compassionate release because he "has never contended that he is medically unable to receive or benefit from the available vaccines"). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." Broadfield, 5 F.4th at 803; see also United States v. Thomas, No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) (unpublished); United States v. Kennedy, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (unpublished); Lemons, 15 F.4th at 751 ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); Hald, 8 F.4th at 936 n.2 (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release); Baeza-Vargas, 532 F. Supp. 3d at 843–44 (collecting cases that ruled "that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"); United States v. McBride, No. 5:19-CR-7, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (noting that even if the defendant's medical condition qualified as an extraordinary and compelling reason for granting compassionate release, "it does not qualify as such in this instance.

6

Defendant rejected the COVID-19 vaccine. . . . Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison."); cf. United States v. Osman, No. 21-7150, 2022 WL 485183, at *1 n.2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished).

Notably, Marshall had COVID-19 in December 2020 and recovered fully. See [D.E. 66-1] 6, 8. Marshall's natural antibodies provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19). Additionally, the wide availability of COVID-19 vaccines greatly diminishes the risk to Marshall from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. And the availability of COVID-19 vaccines allows Marshall to reduce his risk should he so choose. See Thomas, 2022 WL 296594, at *2; Kennedy, 2022 WL 43187, at *2; Broadfield, 5 F.4th at 803. Therefore, reducing Marshall's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Marshall's medical conditions, his new advisory guideline range if sentenced today, the length of his sentence, his time served, and his rehabilitative efforts together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering

7

BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Marshall's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Marshall is 44 years old and is incarcerated for conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack") (count one) and laundering of monetary instruments (count two). See PSR ¶¶ 1–12. Marshall is responsible for distributing 4.61 kilograms of cocaine base ("crack"), 46.06 kilograms of powder cocaine, and 12.3 grams of marijuana. See id. ¶ 11. The conspiracy took place for approximately five years. See id. ¶¶ 7–11. When law enforcement initially approached Marshall, he led them on a high-speed chase. See id. ¶ 7. Marshall's criminal history dates back to 1999 and includes convictions for reckless driving to endanger, possessing marijuana up to 0.5 ounce, and fleeing or eluding arrest with a motor vehicle. See id. ¶¶ 14–16.

Marshall has made some positive efforts while federally incarcerated. He has taken courses on reading and writing, business law, and time management, among other topics. See [D.E. 62-1] 2–3. However, Marshall incurred two infractions in 2018, one for using martial arts/boxing and one for possessing a hazardous tool. See [D.E. 62-1] 3.

The court must balance Marshall's mixed performance in federal custody, his serious and prolonged criminal conduct, his criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Marshall's potential re-exposure to COVID-19, his medical conditions, his new advisory guideline range if sentenced today, the length of his sentence, his time served, and his rehabilitative efforts. Having

8

considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Marshall's arguments, the government's persuasive response, the need to punish Marshall for his serious criminal behavior, to incapacitate Marshall, to promote respect for the law, to deter others, and to protect society, the court denies Marshall's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 62, 66].

SO ORDERED. This 23 day of September, 2022.

JAMES C. DEVER III
United States District Judge